■ In the Matter of the Estate of ANNA EFFROSS, Deceased. IRVING ZALAZNICK, as Executor of ANNA EFFROSS, Deceased, Respondent; ATTORNEY-GENERAL OF THE STATE OF NEW YORK, as Attorney for Ultimate Charitable Beneficiaries, Appellant.— Order, Surrogate's Court, Bronx County, entered on October 13, 1972, authorizing petitioner executor to pay to himself a sum of money, in satisfaction of debts allegedly due him, individually, from the decedent, unanimously reversed, on the law, on the facts and in the exercise of discretion, and the matter remanded to the Surrogate's Court for a new hearing, with $60 costs and disbursements payable out of the estate to all parties appearing separately and filing separate briefs. The petitioner, who is the brother of the decedent, lived with the decedent up to the time of her death and is the executor of her estate. He has submitted two personal claims against the estate. One, in the amount of $6,718.92, represents a sum claimed to have been advanced by him with regard to real property in which he and his sister allegedly owned a one-half interest and, the second seeks a reimbursement of $40,455.40, which he claims to have advanced to decedent for the purchase of stock in her name. "The decisions * * * have firmly settled the rule that claims against the estate of decedents presented by a near relative and withheld until after the death of one against whose estate such claims are sought to be enforced, will be scrutinized with great care and will be sustained only when supported by the most clear, convincing and satisfactory proof". (*Matter of Long*, 144 Misc. 181, 187.) Later, in that opinion (pp. 187–188) the court said: — ".Public policy requires that claims against the estate of a decedent should be established by very satisfactory evidence and the courts should see to it that such estates are fairly protected against unfounded and rapacious raids. * * * Especially when the claims are in favor of a near relative to decedent should they be very carefully examined and only on most satisfactory proof. * * * That a claim presented to a decedent's representative was never presented to the decedent in his lifetime suffices to cast suspicion on its validity ". A review of the present record fails to satisfy this court that the executor has sustained the burden imposed upon him by law. The court below failed to make any findings of fact and simply handed down the following decision: — " Personal claims of the executor totalling $47,174.32 are allowed in full. Settle order." Much of the evidence before the court was improperly admitted. The testimony of the accountant was not based upon personal knowledge, but on what was told to him by the executor-claimant and what the accountant remembered about the books kept by the executor, which

records were not produced in court. The major claim, based on the alleged purchase of stocks by the executor, in the name of the decedent, and paid for by his checks, was attempted to be proven by the checks and purchase and account slips. The accountant admitted that his knowledge, regarding this subject, was based solely upon these last mentioned documents. When he was asked the question: — "Did the decedent reimburse the petitioner for these monies?" the witness answered: "Not per se". This could well be taken to indicate that there had been reimbursement by means other than actual passage of money. Certainly it was the duty of the executor to attempt to clarify this vague, indefinite answer. It seems clear that there were complex and interwoven financial dealings between brother and sister which permit both an inference of a debt being due to the executor, as well as an inference that the executor was merely reimbursing his sister for moneys advanced by her. In *Leask* v. *H agland* (205 N. Y. 171, 178) the court said: — "If the facts are as consistent with the one, as with the other, presumption [inference], then neither should prevail: that is to say, the plaintiffs have made no case." Concur — Markewich, J. P., Nunez, Lane, Steuer and Capozzoli, JJ.