**Matter of Liongson-Branch**

2024 NY Slip Op 30586(U)

February 22, 2024

Surrogate's Court, New York County

Docket Number: File No. 2013-3328/D

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

New York County Surrogate's Court
DATA ENTRY DEPT.
FEB 22 2024

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------X
In the Matter of the Petition of Lee R.
Bember as a person interested in the
Estate of

        LYDIA LIONGSON-BRANCH,

               Deceased,

for the Discovery and Turnover of
Property.
--------------------------------------------X

DECISION AFTER TRIAL

File No.: 2013-3328/D

G I N G O L D, S.

    In this reverse discovery and turnover proceeding (SCPA 2105) in the estate of Lydia Liongson-Branch (Decedent), petitioner Lee R. Bember (Bember) alleged that he is a person interested in this estate as the "previously listed and intended beneficiary of certain of decedent's accounts held at Ally Bank," that Decedent's daughter, respondent Yolly M. Keane (Keane), the administrator of Decedent's estate, amended, altered, or changed the listed beneficiary on the accounts from Bember to that of the estate and that the accounts should be turned over to him. Keane denied the allegations.

    Decedent died on October 27, 2012, as the result of an accident. Letters of administration were issued to Keane by the Connecticut Probate Court. Thereafter, this court issued letters of administration with limitations to Keane for the sole purpose

1

of prosecuting an action for Decedent's personal injury and wrongful death in New York State Supreme Court, New York County (Index No. 158981/13).

In this SCPA 2105 proceeding, a non-jury trial was held on February 8, 2024, before the undersigned. Bember was self-represented. Keane appeared by counsel. Bember testified in narrative form for himself and then was cross-examined by Keane's attorney. After Bember rested, Keane testified and was cross-examined by Bember. Matthew Sakkas (Sakkas), the attorney retained by Keane in the Supreme Court action, also testified on Keane's behalf. Bember declined to cross-examine Sakkas.

At no time during the proceeding, including during the trial, did Bember produce any documentary evidence to support his allegations, and his trial testimony was devoid of even an iota of such evidence.

Three exhibits, introduced by Keane's attorney, were admitted into evidence. The first, "Resp's 1", is Bember's letter, dated April 7, 2022, to the court, the original of which was previously filed with the court. In that letter, Bember stated that Decedent was his aunt. However, on cross-examination, Bember admitted that his statement was false. Rather, he testified that he and Decedent had a romantic involvement.

"Resp's 2" in evidence is the Affidavit Responding to Subpoena to Testify and Produce Documents, sworn to on July 18, 2023, by

2

[* 2]

Jacqueline Lemma (Lemma), Director – Deposit Operations of Ally Bank, with documents attached. According to her sworn affidavit, Lemma described her duties as supervision and oversight of the Escheatment and Document Processing teams for Ally Bank, including legal orders and subpoena reviews.

Bember did not dispute having been served with a copy of the documents, along with all relevant exhibits, prior to trial. Lemma avers in her affidavit that Ally conducted a search for documents responsive to the three separate subpoenas duces tecum served on Ally Bank by Bember's prior counsel and/or by Keane's attorney. Each of the subpoenas duces tecum called for Ally to produce documents from January 1, 2010, more than two-and-a-half-years prior to Decedent's death, to present, in connection with Bember's allegations.

Two of the subpoenas duces tecum, copies of which are attached to Lemma's affidavit, called for the production of documents about any accounts of any type at Ally Bank or any related institution of Decedent in any ownership form, whether jointly or otherwise, any amendments, changes or alterations, the beneficiary designations, amendments or changes to beneficiary designations, any allegations, investigations and determinations, and all documents connected to accounts in Decedent's name or any permutation thereof. The third subpoena duces tecum, a copy of which is also attached to Lemma's affidavit, required production

3

of documents with respect to accounts in Bember's name, including any accounts in trust for him or on which he was the named beneficiary.

Ally Bank's responses to the three subpoenas duces tecum show that it "had no record of any account in the name of Lydia Liongson-Branch" or of any accounts in Bember's name or of which he was a beneficiary. Also attached to Lemma's affidavit are eight pages produced by Ally Bank of typewritten notes of personnel, including supervisors, showing that Bember was informed, in response to telephone calls from him to Ally Bank, on more than thirty occasions, that Ally Bank had no record of any accounts, including trust accounts, belonging to Decedent, and. also, on multiple occasions, that there was no records of accounts on which Bember was a beneficiary.

Additionally, although not pled, Bember raised at a conference before the undersigned and again during his trial testimony, that he was the beneficiary of a Vantis Life Insurance Contract (Vantis Contract) owned by Decedent. As was the case with the Ally Bank accounts, Bember produced no documentary evidence in support of his claim, and his testimony was devoid of any other evidence that would support his allegations in this regard. In contrast, Resp's 3 in evidence is the Business Records Affidavit, sworn to on February 5, 2024, by Zandra Rawlins-Adens (Rawlins-Adens), a paralegal in the law department for The Penn

4

Mutual Life Insurance Company (Penn). Attached to Rawlins-Adens' affidavit are nineteen pages of records kept by Penn in the normal course of business. These documents make clear that there was no such policy issued by Penn in which Bember was ever identified as a beneficiary. In the affidavit, Rawlins-Adens swears that these nineteen pages "are exact duplicates of the original records for the subject Vantis Life Insurance Contract." Nowhere in the documents is there any mention of Bember, as a beneficiary or otherwise. At trial, Sakkas testified that these documents were produced in response to a subpoena duces tecum.

SCPA 2105(1) provides:

> A person having a claim to property as defined in [SCPA] 103 or the proceeds thereof alleged to be in possession of or under the control of a fiduciary may present to the court which has jurisdiction over the estate a petition showing the facts and praying that the fiduciary be required to show cause why he should not be required to deliver the property or the proceeds thereof.

Bember, as petitioner, bears the burden of establishing title to any property by "clear and convincing evidence" (*see e.g., Matter of Rivera*, 9 Misc 3d 1102(A) [Sur Ct, Nassau Cty 2005], citing *Matter of Poggemeyer*, 87 AD2d 822 [2nd Dept 1982] and *Matter of Effross*, 43 AD2d 539 [1st Dept 1973]). In this instance, Bember has completely and unequivocally failed to meet his burden. In fact, all the documentary evidence and credible testimony adduced show that Bember's allegations are completely without merit.

5

[* 5]

After a non-jury trial, Bember having rested. Affording him every inference which may be properly drawn from the facts presented and viewing the facts in the light most favorable to him, the court determines that, upon the documentary evidence and testimony presented, there is no rational basis upon which any fact finder could find in favor of Bember. In sum, Bember has wholly failed to meet his burden of proving by clear and convincing evidence, or even by any evidence, that there is any property belonging to him in possession or control of Keane, the administrator of the estate, or that she in any way amended, altered, or changed the listed beneficiary from Bember on any property at Ally Bank or anywhere else.

Accordingly, it is

ORDERED that the relief sought by Bember is denied and the petition is dismissed in its entirety.

The clerk of the court is directed to mail a copy of this decision, which constitutes the order of the court, to Bember and to Keane's counsel by certified mail at the addresses at the foot herein.

Dated: February 22, 2024

_____
S U R R O G A T E

6

[* 6]

Mr. Lee Bember
225 Marigold Avenue
Bridgeport, CT 06610
(Self-represented petitioner)

Robert L. Greener, Esq.
112 Madison Avenue, 6th Floor
New York, NY 10016
(Attorney for respondent)

[* 7]